UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOIS GAIL ROSE,

    Plaintiff,

v.                                             Case No: 6:24-cv-1590-JSS-LHP

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER**

Defendant, the United States of America, moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. (Dkt. 18.) Plaintiff, Lois Gale Rose, opposes the motion. (Dkt. 30.) Upon consideration, the court grants the motion and dismisses the complaint without prejudice.

**BACKGROUND**

Plaintiff alleges that while she was driving her car, a United States Postal Service (USPS) employee collided with her vehicle in September 2022. (Dkt. 1 at 4.) She further alleges that she timely filed a claim with the USPS pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680, on October 25, 2023, and that the USPS accepted service and acknowledged the claim on November 9, 2023. (Dkt. 1 at 3; *see* Dkt. 1-1.) According to Plaintiff, the USPS failed to resolve her claim within six months, (Dkt. 1 at 3), constructively denying her claim, *see Dotson v. United States*, 30

F.4th 1259, 1266 (11th Cir. 2022) ("[I]f the agency fails to act on the[] administrative claims within six months of presentment, [the plaintiff] may thereafter deem the claims []constructively[] denied." (quotation omitted)). However, Defendant asserts that Plaintiff filed an amended claim form with the USPS on July 17, 2024. (Dkt. 18 at 2; *see* Dkt. 18-1 at 3–4.) Plaintiff concedes that she "updated her claim on or about July 17, 2024," by submitting a second claim form with the USPS. (Dkt. 30 at 1.)

On August 30, 2024, Plaintiff initiated this lawsuit. (Dkt. 1.) Defendant moves to dismiss, arguing that the court lacks subject matter jurisdiction because Plaintiff filed suit prematurely. (Dkt. 18 at 2–3.) Defendant explains that the July 2024 amendment reset the six-month period Plaintiff was required to wait before she could consider her claim constructively denied. (*Id.* at 3.) In her untimely response to Defendant's motion,[1] Plaintiff argues that her lawsuit was not prematurely filed or if it was, judicial economy counsels against dismissal because the six-month period has now passed and she will just refile her claim. (*See* Dkt. 30 at 1–2.)

## APPLICABLE STANDARDS

"Federal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The party seeking to invoke the court's jurisdiction "has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Underwriters at Lloyd's, London v. Osting-Schwinn*,

---

[1] Because Plaintiff did not timely respond to Defendant's motion, the court could consider the motion as unopposed. *See* M.D. Fla. R. 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). However, because Defendant's motion implicates the court's subject matter jurisdiction, the court considers Plaintiff's response.


613 F.3d 1079, 1085–86 (11th Cir. 2010) (citing Fed. R. Civ. P. 8(a)(1); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)).  If a court lacks jurisdiction, its "only remaining function is to announce that [it] lack[s] jurisdiction and dismiss the cause." *Nationwide Mut. Ins. Co. v. Barrow*, 29 F.4th 1299, 1301 (11th Cir. 2022) (citing *United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019)).

A party may bring a motion to challenge a court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  "Attacks on subject matter jurisdiction under [Rule 12(b)(1)] come in two forms: facial attacks and factual attacks." *Garcia v. Copenhaver, Bell & Assocs., M.D's, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997) (quotation omitted).  "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quotation omitted and alterations adopted).  "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quotation omitted).  Before the court resolves a factual attack on jurisdiction, it must "give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss." *Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981).

## ANALYSIS

The court first determines that Plaintiff's amended claim form can be considered at the motion to dismiss stage under the incorporation by reference doctrine or, alternatively, the court judicially notices the form. The court then addresses Defendant's argument that this action was prematurely filed given Plaintiff's amended claim.

### A. Incorporation by Reference and Judicial Notice

"Generally, when considering a motion to dismiss, the district court must limit its consideration to the [complaint] and any exhibits attached to it." *Baker v. City of Madison*, 67 F.4th 1268, 1276 (11th Cir. 2023). Courts usually may not consider evidence outside the pleadings without converting the motion to dismiss into a motion for summary judgment unless the evidence can be judicially noticed or is incorporated by reference into the complaint. *Id.* A document is incorporated by reference into a complaint if it is "central to the plaintiff's claims" and "undisputed." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024). A document is central to the plaintiff's claims "when it is 'a necessary part of a plaintiff's effort to make out a claim.'" *Kalpakchian v. Bank of America Corp.*, 832 F. App'x. 579, 583 (11th Cir. 2020) (alteration adopted) (quoting *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)). A document is undisputed if "its authenticity is not challenged." *Johnson*, 107 F.4th at 1300.

Plaintiff's July 2024 claim form is central to her claim because an FTCA action cannot be brought "unless the claimant shall have first presented the claim to the

appropriate [f]ederal agency." 28 U.S.C. § 2675(a); *see Est. of Dash ex rel. Dash v. United States*, No. 22-80015-CV-MIDDLEBROOKS/Matthewman, 2022 WL 22317681, at *1 n.2 (S.D. Fla. Oct. 11, 2022) (determining that the plaintiffs' FTCA claim forms were central to their FTCA claims); *Rodriguez v. Melendez*, No. 7:19-CV-116, 2019 WL 8399786, at *3 (S.D. Tex. Oct. 21, 2019) (considering the plaintiffs' FTCA claim forms because they were central to their FTCA action). Further, Plaintiff does not dispute the authenticity of the July 2024 claim form provided by Defendant. (*See* Dkt. 30 at 1–2 (conceding that Plaintiff "updated her claim on or about July 17, 2024," after having "fil[ed] the original [c]laim [f]orm" on November 8, 2023).) Accordingly, the court considers the July 2024 claim form as incorporated by reference into Plaintiff's complaint.

Alternatively, the court takes judicial notice of the amended claim form. *See Watts v. Joggers Run Prop. Ass'n*, 133 F.4th 1032, 1036 n.3 ("Courts may take judicial notice of relevant public documents required to be filed that are not subject to reasonable dispute." (quotation omitted)); *Palay v. United States*, 439 F.3d 418, 425 n.5 (7th Cir. 2003) (determining that the district court properly took judicial notice of a claim form in an FTCA case because it was "entitled to take judicial notice of matters in the public record"). Accordingly, the court will consider Plaintiff's amended claim form in resolving Defendant's motion to dismiss.[2]

---

[2] Defendant characterizes its motion as a factual attack on the court's jurisdiction, seemingly because it relies on the amended claim form as well as the affidavit of Kimberly Herbst, a manager at the USPS's National Tort Center. (Dkt. 18 at 2; *see* Dkt. 18-1 at 1–4.) However, its motion presents a legal dispute rather than a factual one. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir.

### B. Prematurity of Plaintiff's Action

"Sovereign immunity bars suit against the United States except to the extent that it consents to be sued." *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999). The FTCA represents "a limited waiver of sovereign immunity." *Id.* Prior to initiating an FTCA case against a federal agency, the plaintiff must "have first presented the claim to the appropriate [f]ederal agency" and had that claim "finally denied by the agency in writing" or constructively denied by the agency's "failure . . . to make final disposition of [the] claim within six months after it is filed." 28 U.S.C. § 2675(a); *see Dotson*, 30 F.4th at 1266. Before a claim is finally resolved, however, a plaintiff may amend the claim by filing a signed, written amendment. *See* 39 C.F.R. § 912.5(b)–(c).[3] "Upon the timely filing of an amendment to a pending claim, the [USPS] shall have six months in which to make final disposition of the claim as amended, and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six months after the filing of an amendment." 39 C.F.R. § 912.5(c). The plain meaning of this provision is that the filing of an amended claim resets the six-month

---

1990) (distinguishing facial attacks from factual attacks); *Est. of Dash ex rel. Dash v. United States*, No. 22-80015-CV-MIDDLEBROOKS/Matthewman, 2022 WL 22317681, at *3 (S.D. Fla. Oct. 11, 2022) (noting that, despite the defendant's characterization of its motion to dismiss as a factual attack, the motion actually involved a facial attack because the court needed only to "look to [the p]laintiffs' administrative claim forms" and their complaint and because the defendant's "challenge [wa]s a purely legal one"). Moreover, the amended claim form is incorporated by reference into the complaint and subject to judicial notice, and the court can resolve Defendant's motion without reference to Herbst's affidavit. Accordingly, the court proceeds with a facial inquiry.

[3] "Government agencies, including the USPS, have adopted regulations that apply to FTCA administrative claims." *Dotson v. United States*, 30 F.4th 1259, 1266 (11th Cir. 2022); *see* 28 C.F.R. § 14.11 ("Each agency is authorized to issue regulations and establish procedures consistent with the regulations [regarding administrative claims under the FTCA].").

period the USPS has in which to resolve the claim before the plaintiff may treat it as constructively denied and file suit. *See Dotson*, 30 F.4th at 1265 ("When we construe regulations, we begin with the language of the regulation, just as we do for statutes[.] . . . In doing so, we evaluate whether the plain language of the regulation unambiguously answers the question at issue when we consider the regulatory language itself, the particular context in which that language appears, and the broader context and purpose of the regulatory scheme as a whole." (quotation omitted and alteration adopted)); *see also Means*, 176 F.3d at 1378 ("[S]tatutory waivers of sovereign immunity 'are to be construed strictly in favor of the sovereign.'" (quoting *McMahon v. United States*, 342 U.S. 25, 27 (1951))).

While Plaintiff does not dispute that she "updated her claim," she appears to argue that because her updated claim "provid[ed] the same information as previously provided" by her original claim, the July 2024 claim is not an amended claim. (Dkt. 30 at 1; *see id.* at 2 ("The same documents and claim were made in November . . . 2023 and July . . . 2024.").) However, the total amount claimed in the November 2023 form was reduced in the July 2024 form by $36,012.37. (*Compare* Dkt. 1-1 at 7, *with* Dkt. 18-1 at 3.) "[T]he amount of the sum certain demand is arguably the most significant component of an administrative claim," and thus, courts have treated documents that adjust the sum certain value of the claim, such as demand letters, as formal amendments to FTCA claims. *Yatskiv v. United States*, No. 2:21-cv-00763, 2022 WL 2916869, at *1–3 (E.D. Cal. July 25, 2022); *see also Est. of Dash*, 2022 WL 22317681, at *6 (determining that claim forms with increased claim amounts constituted amended

claims).  The court cannot discern a basis to treat Plaintiff's July 2024 claim, which reduced the amount she sought to recover, as anything other than an amended claim. (*See* Dkt. 30 at 1–2.)  The relevant regulation unambiguously states that the USPS must be given an additional six months within which to consider amended claims, and Plaintiff has provided no basis to look past this plain meaning.  *See* 39 C.F.R. § 912.5(c); *see also McNeil v. United States*, 508 U.S. 106, 112 (1993) ("The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command [of 28 U.S.C. § 2675].").

Notwithstanding this clear bar to suit, Plaintiff asserts that "[t]he six-month time period for the updated claim . . . has now passed" and that "judicial economy should allow this matter to proceed forward as . . . Plaintiff will simply refile this matter if dismissed."  (Dkt. 30 at 2.)  This argument is unavailing.  *See McNeil*, 508 U.S. at 110–13 (affirming the district court's dismissal of a prematurely filed FTCA complaint even though the claim was administratively denied after the complaint was filed); *Davis v. United States*, 272 F. App'x 863, 866 (11th Cir. 2008) ("Because the [federal agency] had not 'finally denied' [the plaintiff]'s administrative claim in writing at the time [he] filed his suit in federal court, the district court did not err in dismissing the FTCA claims for lack of subject matter jurisdiction . . . even though [his] claims were exhausted five months after th[e] action was filed.").

This outcome comports with the animating purpose of 28 U.S.C. § 2675(a), which is to provide federal agencies an opportunity to review and dispose of claims on their own authority before they may be haled into court and subjected to judicial

review. *See Orlando Helicopter Airways v. United States*, 75 F.3d 622, 625 (11th Cir. 1996) ("While we recognize the requisite jurisdictional notice under [section] 2675 as minimal, the purpose of that notice is to promptly inform the relevant agency of the circumstances of the accident so that it may investigate the claim and respond either by settlement or defense." (quotations omitted)); *see also Dotson*, 30 F.4th at 1265–66 (requiring courts in FTCA cases to consider "the broader context and purpose of the regulatory scheme as a whole").

Plaintiff's submission of her July 17, 2024 claim form prevented her from considering her claim constructively denied until January 17, 2025. Accordingly, Plaintiff filed this lawsuit prematurely when she submitted her complaint on August 30, 2024. (*See* Dkt. 1.) The court thus grants the motion to dismiss and dismisses Plaintiff's claim without prejudice for lack of subject matter jurisdiction. *See Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) ("Because 'the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies,' the district court lacks subject matter jurisdiction over prematurely filed suits." (alteration adopted) (quoting *McNeil*, 508 U.S. at 113)).

## CONCLUSION

Accordingly,

1. Defendant's motion (Dkt. 18) is **GRANTED**.

2. Plaintiff's complaint (Dkt. 1) is **DISMISSED without prejudice**.

3. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and to close this case.

**ORDERED** in Orlando, Florida, on June 30, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record